AMY E. JACKS (#155681)
Law Office of Amy E. Jacks
315 E. 8th St. #801
Los Angeles, CA  90014
Phone: (213) 489-9025
Fax: (213) 489-9027
amyejacks@sbcglobal.net

MARK WINDSOR (#190589)
Law Office of Mark Windsor
65 N. Raymond Ave
Pasadena, CA  91103
Phone: (626) 792-6700
windsorlaw@gmail.com

Attorneys for Defendant
RONNY ROJAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>(02) RONNY ROJAS,<br><br>　　　　Defendant. | Case No.: 22-CR-573-FWS<br><br>DEFENDANT ROJAS' *EX PARTE* APPLICATION FOR ORDER STAYING PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF COUNSEL |

Defendant, Ronny Rojas, through counsel, Mark Windsor and Amy E. Jacks, submits this *Ex Parte* Application requesting the Court to order a stay of the trial in this matter, all other pretrial motion and other deadlines, including court ordered deadlines for parties to meet and confer, pending final resolution of Mr. Rojas' MOTION TO DISMISS THE INDICTMENT BASED ON THE UNLAWFUL

DESIGNATION OF BILAL A. ESSAYLI AS U.S. ATTORNEY FOR THE CENTRAL DISTRICT OF CALIFORNIA AND THE UNLAWFUL APPROPRIATION OF FUNDS TO THE OFFICE HE PURPORTS TO LEAD (Doc. 258).

In response to his September 15, 2025 request for a stipulation to stay proceedings pending the final outcome of the motion, counsel for Mr. Rojas were notified that "After consulting with our Office[1], we do not believe a stay of the proceedings is necessary while the motion to dismiss is being litigated. Please note our opposition in any *ex parte* request." See Exhibit 1, p. 1, September 16, 2025 email from Danbee Kim."

This application is based on the record of the case, the attached Memorandum of Points and Authorities and Declaration of Counsel and any other information that may be requested by the Court.

Dated: September 16, 2025

Respectfully submitted,
/s/ *Amy E. Jacks*
Amy E. Jacks

/s/ *Mark Windsor*
Mark Windsor

Attorneys for Defendant
RONNY ROJAS

---

[1] Neither Mr. Rojas nor his counsel know who Ms. Kim is referencing by "our Office." Ms. Kim did not respond to Mr. Rojas' inquiry attempting to identify the individuals handling the litigation or making the determination about Mr. Rojas' request for a stipulated stay of the proceedings. *See* Exhibit 1 at p.1.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Ronny Rojas hereby submits this *Ex Parte* Application for an Order Staying the trial in this matter, all other pretrial motion and other deadlines, including deadlines for parties to meet and confer and submit joint pretrial documents pursuant to the Court's Scheduling Order (Doc. 235), pending final resolution of Mr. Rojas' MOTION TO DISMISS THE INDICTMENT BASED ON THE UNLAWFUL DESIGNATION OF BILAL A. ESSAYLI AS U.S. ATTORNEY FOR THE CENTRAL DISTRICT OF CALIFORNIA AND THE UNLAWFUL APPROPRIATION OF FUNDS TO THE OFFICE HE PURPORTS TO LEAD (hereinafter "Motion to Dismiss") (Doc. 258).

Mr. Rojas filed his Motion to Dismiss on September 11, 2025. On September 12, 2025 this Court transferred Mr. Rojas' Motion to Dismiss to the Honorable J. Michael Seabright of the United States District Court for the District of Hawaii, pursuant to Orders from Chief United States Judge Dolly M. Gee (Docs. 259, 260, and 261). On Monday, September 15, 2025, Judge Seabright set a briefing and argument schedule for the Motion to Dismiss (Docket Entry 263). Declaration of Counsel, ¶¶ 2-4.

Mr. Rojas requests an order staying all proceedings in this action for the following reasons:

If Mr. Rojas continues to meet and confer with Essayli's prosecutors and respond to their inquiries and motions, he would be implicitly recognizing their authority to prosecute him, taking a position contrary to that outlined in his Motion to Dismiss. The Motion to Dismiss challenges the constitutional and statutory authority of Bilal A. Essayli, and his supervisees, to exercise the duties of the United States Attorney's Office for the Central District of California. As much as he wants to cooperate with the Court, Mr. Rojas does not intend to undermine the strength and authenticity of his challenge by continuing to act as if Mr. Essayli and the prosecution team are lawfully exercising prosecutorial power. Mr. Rojas

therefore cannot follow the dictates of the Court's August 4, 2025 Order Setting Deadlines for Pretrial Documents (Doc. 235), which was made without the benefit of Mr. Rojas arguments about Mr. Essayli's unlawful appointment or information regarding similar challenges in at least four other federal judicial districts.

If the Court fails to stay proceedings and thereby maintains its Order Setting Deadlines for Pretrial Documents (Doc. 235), the Court will essentially be recognizing Mr. Essayli's authority to prosecute Mr. Rojas, making at least an implicit finding on the merits of the Motion to Dismiss. And, by compelling Mr. Rojas to comply with the pretrial scheduling order, the Court would be invoking its authority to direct Mr. Rojas to confer and respond to Mr. Essayli and his supervisees, individuals Mr. Rojas contends are acting without lawful authority to prosecute him. Whether implicit or explicit, making findings on, or taking any position as to issues addressed in, the Motion to Dismiss, would contravene Chief Judge Gee's Order that "[A]ll district judges of the United States District Court for the Central District of California shall be recused from hearing motions concerning the disqualification of Acting United States Attorney Bilal A. Essayli." (Doc. 259).

Forging ahead with the prosecution likely wastes the Court's time and limited resources. If Mr. Essayli's appointment is found to be unlawful, then any actions taken by Mr. Essayli or AUSAs operating under his supervision are *ultra vires,* done beyond his legal power or authority. *See, e.g., United States v. Trump*, 730 F.Supp.3d 1245, 1302 (S.D. Fla. 2024). In such cases, which necessarily involve a "Government actor's exercise of power that the actor did not lawfully possess," the proper remedy is invalidation of the *ultra vires* action. *Collins v. Yellen*, 594 U.S. 220, 258 (2021) (collecting cases) and Motion to Dismiss at p. 6-7. If the Motion to Dismiss is granted or afforded an alternative remedy, this Court would be left trying to identify and re-litigate all *ultra vires* issues discussed, briefed, or decided while Mr. Essayli purported to exercise prosecutorial authority he lacked. This would be a waste of the Court's time and resources.

If the Court fails to stay the trial in this matter, all other pretrial motion and other deadlines, including court ordered deadlines for parties to meet and confer, pending final resolution of the Motion to Dismiss, then Mr. Rojas may be tried and convicted of offenses by an unlawfully designated United States Attorney and his supervisees. If the prosecution were later invalidated as an *ultra vires* action based on full litigation of the Motion to Dismiss, then Mr. Rojas would have Double Jeopardy and Due Process claims against a future prosecution for the same or similar offenses. A trial under these circumstances would be a waste of the Court's time and resources and would diminish the authority and respect for the federal courts generally.[2]

    Finally, Mr. Rojas' arguments in his Motion to Dismiss are not frivolous. Mr. Essayli likely lacks lawful authority to command the United States Attorney's Office in the Central District of California. In a similar case in the District of New Jersey, a United States District Court has already held that "Ms. Habba has unlawfully acted in the role of the United States Attorney for the District of New Jersey since July 1, 2025." *See United States v. Giraud Jr. and Giraud III*, 24-CR-768-MWB (D.N.J.) Memorandum Opinion dated August 21, 2025 (Doc. 144) at p. 71; *see also United States v. Trump*, 740 F. Supp. 3d 1245, 1302 (dismissing "Special Prosecutor" Jack Smith's indictment of the former president because of his invalid appointment), *appeal dismissed*, No. 24-12311, 2025 WL 2017539 (11th Cir. Feb. 11, 2025).

    After Judge J. Michael Seabright entered a scheduling order on the Motion to Dismiss on September 15, 2025, and for the foregoing reasons, counsel for Mr. Rojas reached out via email to seek a stipulation to stay proceedings in this case. Counsel was informed that "We are consulting with ***our folks handling the***

---

[2] Presumably, if the Motion to Dismiss is granted or if Mr. Rojas is afforded some other remedy by Judge Seabright, the government will then seek to appeal that decision and stay Mr. Rojas' trial. If that is the case, then the government's refusal to stipulate to a stay at this juncture is pure gamesmanship, designed to gain an advantage by using the district court's authority to compel early disclosures from Mr. Rojas regarding a trial that is likely to be delayed.

*litigation* and will get back to you." See Exhibit 1 at p. 2 (emphasis added).  In an effort to determine who, in fact, was handling the litigation involving Mr. Rojas, counsel for Mr. Rojas inquired who "***our folks***" referenced. *Id.* at 1. Ms. Danbee Kim responded on September 16, 2025 that "After consulting with ***our Office***, we do not believe a stay of the proceedings is necessary while the motion to dismiss is being litigated. Please note our opposition in any *ex parte* request."  Ms. Kim failed to identify any individual(s) comprising "***our folks***" or "***our Office***." See Declaration of Counsel, ¶ 5 and Exhibit 1.

    For the foregoing reasons, Mr. Rojas requests the Court to issue an order staying the trial in this matter, all other pretrial motion and other deadlines, including court ordered deadlines for parties to meet and confer, pending final resolution of the Motion to Dismiss.

Dated: September 16, 2025

Respectfully submitted,

/s/ *Amy E. Jacks*
Amy E. Jacks

/s/ *Mark Windsor*
Mark Windsor

Attorney for Defendant
RONNY ROJAS

6.

**DECLARATION OF COUNSEL**

1.     I am an attorney admitted to practice in the State of California and the Central District of California.  I am one of the attorneys that represents defendant Ronny Rojas. I submit this declaration in support of Mr. Rojas' Ex Parte Application for Order Staying Proceedings.

2.      On September 11, 2025, Mr. Rojas filed his MOTION TO DISMISS THE INDICTMENT BASED ON THE UNLAWFUL DESIGNATION OF BILAL A. ESSAYLI AS U.S. ATTORNEY FOR THE CENTRAL DISTRICT OF CALIFORNIA AND THE UNLAWFUL APPROPRIATION OF FUNDS TO THE OFFICE HE PURPORTS TO LEAD (hereinafter "Motion to Dismiss") (Doc. 258).

3.     On September 12, 2025 the Court transferred Mr. Rojas' Motion to Dismiss to the Honorable J. Michael Seabright of the United States District Court for the District of Hawaii, pursuant to Orders from Chief United States Judge Dolly M. Gee (Docs. 259, 260, and 261) (Docket Entry 262).

4.     On Monday, September 15, 2025, Judge Seabright set a briefing and argument schedule for the Motion to Dismiss. (Docket Entry 263).

5.     On September 15, 2025, I reached out via email to seek a stipulation to stay proceedings in this case. I was informed that "We are consulting with *our folks handling the litigation* and will get back to you." *See* Exhibit 1 at p. 2 (emphasis added). In an effort to determine who, in fact, was handling the litigation involving Mr. Rojas, I inquired who "*our folks*" referenced. See Exhibit 1 at p. 1 (emphasis added).

//
//
//
//
//
//

7.

6.      On September 16, 2025, Ms. Danbee Kim responded that "After consulting with **our Office**, we do not believe a stay of the proceedings is necessary while the motion to dismiss is being litigated. Please note our opposition in any *ex parte* request." (emphasis added). Ms. Kim failed to identify any individual(s) comprising "**our folks**" or "**our Office**." *See* Exhibit 1 at p. 1.

      I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: September 16, 2025                        /s/ *Amy E. Jacks*
                                                       Declarant