BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
WILSON PARK (Cal. Bar No. 239527)
KELLYE NG (Cal. Bar No. 313051)
Assistant United States Attorneys
Major Crimes Section
DANBEE KIM (Cal. Bar No. 350014)
Assistant United States Attorney
Environmental Crimes and Consumer Protection Section
     1300/1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6702/6495/0687
     Facsimile: (213) 894-0141
     Email:    wilson.park@usdoj.gov
               kellye.ng@usdoj.gov
               danbee.kim@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-573(A)-FWS-2 |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT RONNY ROJAS'S *EX PARTE* APPLICATION FOR ORDER STAYING PROCEEDINGS (DKT. 264) |
| v. | |
| RONNY ROJAS, et al., | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Wilson Park, Kellye Ng, and Danbee Kim, hereby files the government's opposition to defendant Ronny Rojas's ex parte application for an order staying proceedings (Dkt. 264).

1  This opposition is based upon the attached memorandum of points
2  and authorities, the files and records in this case, and such further
3  evidence and argument as the Court may permit.

4  Dated: September 17, 2025        Respectfully submitted,

5                                   BILAL A. ESSAYLI
                                    Acting United States Attorney
6
                                    JOSEPH T. MCNALLY
7                                   Assistant United States Attorney
                                    Acting Chief, Criminal Division
8

9                                        /s/
                                    _____
                                    WILSON PARK
10                                  KELLYE NG
                                    DANBEE KIM
11                                  Assistant United States Attorneys

12                                  Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

No stay is warranted in this case. Even if there were any merit to defendant's arguments under the Federal Vacancies Reform Act or Appointments Clause, there would still be no basis to dismiss the first superseding indictment or halt the prosecution in this matter. As recognized by the Ninth Circuit in United States v. Gantt, 194 F.3d 987, 998 (9th Cir. 1999) overruled on other grounds by United States v. W.R. Grace, 526 F.3d 499, 506 (9th Cir. 2008) (en banc), "[a]n infirmity in the United States Attorney's appointment would not generally affect the jurisdiction of this court so long as a proper representative of the government participated in the action."

A case can be prosecuted without a U.S. Attorney: "indictments need only be signed by an 'attorney for the government.'" Id. at 998 (quoting Fed. R. Crim. P. 7(a)(1)). The First Circuit has likewise concluded that an Assistant United States Attorney's ("AUSA") "ability to act does not hinge on the authority of the local United States Attorney, but derives from the Attorney General's plenary power over litigation to which the United States is a party, see [28 U.S.C.] § 516." United States v. Hilario, 218 F.3d 19, 22 (1st Cir. 2000); see also United States v. Suescun, 237 F.3d 1284, 1287 (11th Cir. 2001) ("An appointment of a United States Attorney that is not made as provided by the Appointments Clause does not affect the Government's power to prosecute."). In other words, pursuant to their authority derived from the Attorney General, the assigned AUSAs can continue to prosecute this case.

Defendant also advances an Appropriations Clause argument, but fails to explain why a violation of that clause would lead to dismissal of an indictment. The lone authority he cites is United

1  States v. Trump, 740 F. Supp. 3d 1245, 1307 (S.D. Fla. 2024), an out-
2  of-circuit district court decision that expressly stated it was not
3  dismissing an indictment based on an Appropriations Clause violation,
4  but which quoted a concurring opinion about how the Consumer
5  Financial Protection Bureau's (purportedly) unconstitutional funding
6  structure should result in dismissal of its civil actions.  CFPB v.
7  All Am. Check Cashing, Inc., 33 F.4th 218, 242 (5th Cir. 2022)
8  (Jones, J., concurring).  But see CFPB v. Cmty. Fin. Servs. Ass'n of
9  Am., 601 U.S. 416, 424 (2024) (CFPB's "funding mechanism does not
10 violate the Appropriations Clause").  Regardless, whatever the
11 "intuitive appeal to applying Judge Jones's logic," 740 F. Supp. 3d
12 at 1307, it is far afield from this case, where there is no dispute
13 about the funding for the grand jury that indicted defendant or the
14 AUSAs who are prosecuting him.
15     In light of the above, no stay is warranted because defendant
16 cannot show that he is likely to succeed on his motion to dismiss the
17 first superseding indictment, or that he will be irreparably injured
18 absent a stay.  See Nken v. Holder, 556 U.S. 418, 433-35 (2009).
19 Even if defendant were to prevail on his argument to the same extent
20 as the defendant in United States v. Giraud, -- F. Supp. 3d --, 2025
21 WL 2416737 (D.N.J. Aug. 21, 2025), it would not affect his trial
22 date.  In all events, the government's opposition to defendant's
23 motion to dismiss will be filed on Friday, September 19, 2025, and
24 will provide a full response to defendant's motion on the merits.