BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
WILSON PARK (Cal. Bar No. 239527)
KELLYE NG (Cal. Bar No. 313051)
Assistant United States Attorneys
Major Crimes Section
DANBEE KIM (Cal. Bar No. 350014)
Assistant United States Attorney
Environmental Crimes and Consumer Protection Section
     1300/1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5796/8408/0687
     Facsimile: (213) 894-0141
     Email:    wilson.park@usdoj.gov
               kellye.ng@usdoj.gov
               danbee.kim2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-573(A)-FWS-2 |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT RONNY ROJAS'S MOTION FOR DISCLOSURE OF INSTRUCTIONS PROVIDED TO GRAND JURY ISSUING FIRST SUPERSEDING INDICTMENT (DKT. 270) |
| v. | |
| RONNY ROJAS, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Wilson Park, Kellye Ng, and Danbee Kim, hereby files the government's opposition to defendant Ronny Rojas's Motion for Disclosure of Instructions Provided to Grand Jury Issuing First Superseding Indictment (Dkt. 270).

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: September 25, 2025          Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

         /s/
WILSON PARK
KELLYE NG
DANBEE KIM
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

The Motion for Disclosure of Instructions Provided to Grand Jury Issuing First Superseding Indictment ("Motion") filed by defendant RONNY ROJAS ("defendant") is a fishing expedition and should be denied. The specific legal instructions provided to the grand jury in this case are covered by Federal Rule of Criminal Procedure 6(e) ("Rule 6(e)"), and defendant falls short of demonstrating a "particularized need" for the disclosure. Instead, defendant speculates and makes the unsubstantiated allegation that the government failed to properly instruct the grand jury of the elements of attempted murder based on an initial draft of proposed petite jury instructions that defendant declined to meet and confer about. If such speculative allegations were sufficient to compel the production of grand jury materials, Rule 6(e) would be rendered toothless.

In any event, the government is not required to instruct the grand jury on the law.  And where the government does instruct the grand jury, the government need not lay out all elements so long as it does not "flagrantly mislead" the grand jury. Moreover, there is no reason to believe the government failed to properly instruct the grand jury in this case. (See In Camera Submission Re Grand Jury Instructions.)

Accordingly, the government respectfully requests that the Court deny defendant's motion.

**II.    THE INSTRUCTIONS ARE GOVERNED BY RULE 6(E)**

Rule 6(e) prohibits the disclosure of any information that would reveal "matters occurring before the grand jury." A "matter occurring before the grand jury" or "grand jury matter" includes matters that

have occurred, that are occurring, or that are likely to occur before the grand jury. In re Motions of Dow Jones & Co., Inc., 142 F.3d 496, 499-500 (D.C. Cir. 1998). Defendant argues that legal instructions provided to the grand jury in a particular case fall outside the definition of "grand jury matter," relying on Ninth Circuit cases addressing "ministerial records" and the Court's instructions to the grand jury. (Motion at 2-3.) However, these cases do not support defendant's proposition and are plainly distinguishable.

In In re Special Grand Jury (Anchorage, Alaska), the Ninth Circuit explained that "ministerial" records that might be subject to public access were "procedural aspects of the empaneling and operation" of the Special Grand Jury – not records related to the substance of its investigation. 674 F.2d 778, 780 n.1 (9th Cir. 1982). The Court there noted that the "ministerial" label, however, "should not be taken to indicate any settled judgment on [the Court's] part that none of the records could be classified as 'matters occurring before the grand jury' as that expression is used in Rule 6(e)." Id. In United States v. Alter, the Ninth Circuit found that a prospective grand jury witness was entitled to know the Court's general charges or instructions to the grand jury. 482 F.2d 1016, 1028-29 (9th Cir. 1973).

Neither case involved a **prosecutors**' legal instructions regarding specific charges proposed to the grand jury for its probable cause finding – which are, by nature, "matters occurring before the grand jury." Such instructions are part of the deliberative process and reveal the substance of the grand jury's investigation. Disclosing them would inherently expose the internal workings of the grand jury, which Rule 6(e) is designed to protect.

2

It is for this reason that several district courts have distinguished <u>Alter</u> from requests for a prosecutor's legal instructions. <u>See</u>, <u>e.g.</u>, <u>United States v. Morales</u>, No. CR. S05-0443 WBS, 2007 WL 628678, at *4 (E.D.Cal. Feb. 28, 2007), <u>United States v. Larson</u>, No. 07CR304S, 2012 WL 4112026, at *4 (W.D.N.Y. Sept. 18, 2012).

The instructions defendant seeks are covered by Rule 6(e), and he cites no controlling authority that states otherwise.

## III. DEFENDANT FAILS TO MEET HIS HEAVY BURDEN TO COMPEL THE PRODUCTION OF GRAND JURY TRANSCRIPTS

Defendant's Motion is moot as there is no reason to believe that the government did not instruct the grand jury on the elements of attempted murder under California law. (<u>See</u> <u>In Camera</u> Submission re Grand Jury Instructions.) Even if it were not moot, defendant is not entitled to the grand jury transcript as his allegation is unsubstantiated, and he fails to demonstrate a "particularized need" for the transcript.

### A. Defendant Lacks a "Particularized Need" for the Transcript

A defendant seeking Rule 6(e)(3)(E)(ii) disclosure carries the burden of making a "<u>strong showing</u> of particularized need for grand jury materials." <u>United States v. Sells Engineering, Inc.</u>, 463 U.S. 418, 443 (1983) (emphasis added). Although grand jury proceedings are "generally secret," Rule 6(e)(3)(E)(ii) allows disclosure "upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." <u>United States v. Murray</u>, 751 F.2d 1528, 1533 (9th Cir. 1985). A court may order the discovery of grand jury transcripts only where a defendant "demonstrates that a particularized need exists that outweighs the policy of grand jury secrecy." <u>Id.</u> (citing <u>United States v. Procter &</u>

3

Gamble, 356 U.S. 677 (1958); United States v. Ferreboeuf, 632 F.2d 832, 835 (9th Cir. 1980)).

Defendant claims a "particularized need" based on a single fact: per the Court's Order Setting Deadlines for Pretrial Documents (Dkt. No. 235), the government sent defendant an initial draft of proposed jury instructions to facilitate a meet-and-confer process in advance of the submission date. The initial draft jury instructions contained the federal Attempted Murder in Aid of Racketeering elements based on the Ninth Circuit Model Criminal Jury Instruction 18.8. Defendant argues — based on this alone — that the grand jury must have been improperly instructed, because in his view, the jury instructions should reflect California state law on attempted murder. (Motion at 1-2.) In lieu of meeting and conferring with the government to discuss the jury instructions, defendant filed his Motion, speculating that the grand jury was incorrectly instructed. This kind of unsupported assumption falls far short of showing a "particularized need."

"Speculation cannot justify this court's intervention into the grand jury's proceedings." United States v. Claiborne, 765 F.2d 784, 792 (9th Cir. 1985), abrogated on other grounds by Ross v. Oklahoma, 487 U.S. 81 (1988); United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986). "Mere unsubstantiated, speculative assertions of improprieties in the proceedings do not supply the particular need required to outweigh the policy of grand jury secrecy." Ferreboeuf, 632 F.2d at 835 (internal quotation marks and citation omitted).

Moreover, the AUSAs who drafted the proposed jury instructions did not participate in obtaining the original or First Superseding Indictment. At the time of drafting the proposed jury instructions,

4

1 the prosecution team had not reviewed the grand jury transcripts. A
2 representative from the court reporting company that transcribed the
3 grand jury proceedings for the First Superseding Indictment indicated
4 that he could not locate the recording of the portion of the
5 proceeding during which the indicting AUSA provided instructions to
6 the grand jury. In drafting the proposed jury instructions, the
7 current prosecution team relied on the Ninth Circuit Model Criminal
8 Jury Instructions. To leap from this fact to the conclusion that a
9 different prosecution team (comprised of other attorneys) failed to
10 instruct the grand jury on California state law on attempted murder
11 is entirely speculative. Such guesswork is not enough. See United
12 States v. Bennett, 702 F.2d 833, 836 (9th Cir. 1983) ("The
13 defendant's assertion that he has no way of knowing whether
14 prosecutorial misconduct occurred does not constitute a
15 particularized need outweighing the need for grand jury secrecy.").
16     Accepting the defendant's speculation as a basis for disclosure
17 would set a troubling precedent: any defendant could seek grand jury
18 transcripts simply because they disagree with the government's draft
19 jury instructions. This would undermine the meet-and-confer process
20 designed to promote efficiency and cooperation, encourage unnecessary
21 litigation, and effectively render Rule 6(e) meaningless.
22     **B. There is No Remedy Justifying Disclosure of the Transcript**
23     Even if there were some factual basis for defendant's accusation
24 that the government failed to instruct the grand jury on California
25 state law for attempted murder, he would not be entitled to dismissal
26 of the indictment. A "grand jury indictment will not be dismissed
27 unless the record shows that the conduct of the prosecuting attorney
28 was flagrant to the point that the grand jury was 'deceived' in some

significant way," such that the prosecutor "significantly infringe[d] upon the ability of the grand jury to exercise independent judgment." United States v. Wright, 667 F.2d 793, 796 (9th Cir. 1982) (citing United States v. Cederquist, 641 F.2d 1347, 1352-53 (9th Cir. 1981)).

The government need not instruct the grand jury on the law at all in order to secure an indictment. United States v. Kenny, 645 F.2d 1323, 1347 (9th Cir. 1981) ("We are not persuaded that the Constitution imposes the additional requirement that grand jurors receive legal instructions."); United States v. Lopez-Lopez, 282 F.3d 1, 8-9 (1st Cir. 2002) ("The prosecutor is under no obligation to give the grand jury legal instructions."). Where some form of instructions are given, the instructions need not lay out all elements of the charged crime as "long as the instructions given are not flagrantly misleading or so long as all the elements are at least implied." United States v. Larrazolo, 869 F.2d 1354, 1359 (9th Cir. 1989), overruled on other grounds by Midland Asphalt Corp. v. United States, 489 U.S. 794 (1989).

Even "[e]rroneous grand jury instructions do not automatically invalidate an otherwise proper grand jury indictment." Id. (citing United States v. Linetsky, 533 F.2d 192, 200-01 (5th Cir. 1976)). Dismissal for improper instructions is warranted only where "the conduct of the prosecutor was so 'flagrant' it deceived the grand jury in a significant way infringing on their ability to exercise independent judgment." Larrazolo, 869 F.2d at 1359. In Larrazolo, for example, the Ninth Circuit held that even the government's failure to instruct the grand jury on the requirements of criminal intent and knowledge for a conspiracy charge did not require dismissal because the defendants had not "shown the erroneous instructions influenced

6

the decision to indict or created a 'grave doubt' that the decision to indict was free from the substantial influence of such a violation." Id.

Hence, even if defendant were able to establish that any legal instructions provided to the grand jury were incomplete, he still would not be entitled to the dismissal of Counts Seven, Eight, and Nine. The lack of a plausible remedy available to defendant for the alleged but unsubstantiated failure to instruct further undermines his claim that he has a "particularized need" for the transcripts.