BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
WILSON PARK (Cal. Bar No. 239527)
KELLYE NG (Cal. Bar No. 313051)
Assistant United States Attorneys
Major Crimes Section
DANBEE KIM (Cal. Bar No. 350014)
Assistant United States Attorney
Environmental Crimes and Consumer Protection Section
     1300/1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5796/8408/0687
     Facsimile: (213) 894-0141
     Email:    wilson.park@usdoj.gov
               kellye.ng@usdoj.gov
               danbee.kim2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-573(A)-FWS-2 |
|---|---|
| Plaintiff, | AMENDED [PROPOSED] ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| RONNY ROJAS, et al., | |
| Defendants. | **[PROPOSED] TRIAL DATE:** 06-09-2026 |

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Trial Date and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, filed by the parties in this matter on October 1, 2025.  The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, and the facts presented by the parties at the October 6, 2025 status conference, demonstrate facts that support a continuance

of the trial date in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court further finds that the time period of September 11, 2025, to October 14, 2025, should be excluded from computing the time within which the trial must commence, as it constitutes a delay resulting from a pretrial motion, from the filing of the motion through the prompt resolution of the motion.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from November 4, 2025, to June 9, 2026. The pretrial conference hearing is continued from October 16, 2025, to May 21, 2026.

2. The Court orders the following schedule for pretrial filings/deadlines and briefing schedule for any motions:

   a. Dispositive Motions Due: March 19, 2026
   b. Oppositions to Dispositive Motions Due: April 2, 2026
   c. Replies for Dispositive Motions Due: April 9, 2026
   d. Hearing on Dispositive Motions: April 16, 2026

   e. Hearing on Motion for Disclosure of Instructions Provided to Grand Jury Issuing First Superseding Indictment (Dkt. 270): April 16, 2026

   f. Deadline to Conduct Meaningful Meet and Confer regarding Joint Proposed Jury Instructions, Joint Proposed Verdict Form, Joint Proposed Statement of the Case, Joint Exhibit List, and both parties' Witness Lists, including, but not limited to, good-faith discussions regarding potential fact stipulations and authenticity of exhibits: April 20, 2026

   g. Motions *in Limine* Due: April 23, 2026

   h. Joint Jury Instructions, Joint Proposed Verdict Form, Joint Proposed Statement of the Case, Joint Exhibit List, and Both Parties' Witness Lists Due: April 28, 2026

   i. Rule 16 Discovery Cutoff: April 28, 2026

   j. Oppositions to Motions *in Limine* Due: May 7, 2026

   k. Replies to Motions *in Limine* Due: May 14, 2026

   l. <u>Giglio</u>/<u>Jencks</u> Discovery Due[1]: May 26, 2026

 3. The time period of November 4, 2025, to June 9, 2026, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(iv), and (h)(1)(D).

//

//

---

[1] The government may continue producing <u>Giglio</u>/<u>Jencks</u> discovery after this deadline as it meets with witnesses leading up to and during trial.

3

4.   Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

_____           _____
DATE                                  HONORABLE FRED W. SLAUGHTER
                                      UNITED STATES DISTRICT JUDGE

Presented by:

      /s/
_____
KELLYE NG
WILSON PARK
DANBEE KIM
Assistant United States Attorneys

4